[Civ. No. 16. Fourth Appellate District.—October 25, 1929.]

JOE PASQUAL, Appellant, v. GEORGE DE VRIES, Respondent.

A. S. Maloney for Appellant.

Hert & Mussell for Respondent.

MARKS, J.—Appellant brought suit against respondent alleging conversion of seven cows of the value of $266 and damage in the sum of $500 from the conversion. Respondent denied the conversion and damage and filed a cross-complaint alleging conversion by appellant of seven of respondent's cows to his damage in the sum of $700. A trial was had before the court without a jury, and judgment was rendered against appellant on his complaint, and in favor of respondent on his cross-complaint in the sum of $400. The trial court found that appellant had converted to his own use five cows, the property of respondent, of the value of $400.

Appellant attacks the judgment of the trial court upon two grounds: First, that a certain conditional sales contract whereby one John Reeves, respondent's vendee, and appellant's vendor, acquired possession, and the right to purchase, the cows in question, was void under the provisions of subdivision 2, section 6, of the "Hide and Brand Law" (Stats. 1921, chap. 725, p. 1248); and, second, that the findings of the trial court as to the ownership of the five cows and their value were not supported by the evidence.

The transfer of the cows from respondent to Reeves was a tripartite transaction. Respondent desired to use the Reeves contract as security in his purchase of forty other cows from Biedebach Bros. For convenience of the parties the Reeves contract was signed by Biedebach Bros., who were to receive the payments under it, and was not signed by respondent. Title to the cows did not pass from him. Under the contract Reeves received the possession of the animals with an equitable right of purchase which, with his right of possession, was dependent upon his making specified payments. He defaulted in these payments and his right of possession and equity of purchase were thereby terminated. In signing the Reeves contract, Biedebach Bros., acted as agents for respondent.

In this case the sale of the cows in question was between dairymen, for dairy purposes, and not for slaughter. The contract in question did not give the "marks and brands" of the cows sold as required by the "Hide and Brand Law." The act is primarily for the "Licensing and regulating of cattle slaughterers and the sellers of meat," as appears from its title, as well as from the body of the act. Its provisions are regulatory and penal. Its title contains nothing to indicate that any of its provisions were intended to regulate any such sale of cows as we have here between dairymen in the ordinary course of their business.

The courts will, where the language will reasonably permit, so construe a statute as to sustain it, and all of it, and make it valid and operative in its entirety. (Sec. 3541, Civ. Code; *Glassell Development Co.* v. *Citizens' Nat. Bank of Los Angeles,* 191 Cal. 375 [28 A. L. R. 1427, 216 Pac. 1012].) A statute should be so construed that all of its parts be harmonized and given effect, if this can be done,

under the language and purpose of the act, so that it may stand in its entirety. (*Spreckels* v. *Graham,* 194 Cal. 516 [228 Pac. 1040].) To give the construction to the act urged by appellant might lead to the holding of some of its provisions unconstitutional. This is not necessary in this case as appellant's construction of the act is not supported by its language, spirit or purpose.

Appellant's second contention that the findings of the trial court are not supported by the evidence is without merit. That appellant took the cows from the dairy of John Reeves is not disputed. There were only thirty-two cows at this dairy, twenty-one belonging to respondent and ten belonging to Biedebach Bros., who removed theirs before appellant took the animals in question, leaving only respondent's cows on the place for appellant to take. In his testimony appellant fixed the value of the cows taken by him at $75 each, and other witnesses placed these values as high as $125 each. The trial court in its judgment fixed a value of $80 each. There is not only ample evidence to support the findings, but a contrary finding would have been without the support of any material evidence.

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.